Thank you. May it please the Court, Counsel, Kendra Matthews with Ransom Blackman on behalf of Defendant Daniel Swanger. The constitutional concepts in this case are well established and essentially undisputed. Defendant contends that this Court must reverse the conviction and remand for further factual findings from the District Court because the District Court, in its first part of its ruling, made an explicit statement that it could not Help me with something on that. The judge said something that seems to have been wrong. He says that Swanger didn't testify that he requested counsel. Actually, Swanger did. But the judge also said Swanger's a liar. Swanger talked all about his cell phone, and the judge didn't even think he had a cell phone. He just thought he was a liar. What I'm wondering is, should I take the judge literally and say, oh, it's clearly erroneous, or should I just figure when you're speaking orally, you make some slips of the tongue? It's pretty obvious the judge didn't believe anything Swanger said, because he said so pretty plainly. And that just figured that what he meant there was, I don't believe Swanger made an unambiguous request to counsel, not I don't believe Swanger testified. Well, Your Honor, I think there's multiple parts to the response. First, this was a written opinion by Judge Aiken as to her ruling on the motion to suppress. She did, as required by Rule 12, break down the ruling into separate parts and make explicit findings. For instance, she explicitly found that the patrol officer or the officer arresting did give Miranda. Then … That's correct, Your Honor, and she affirmatively, the district court affirmatively stated that it was unable to engage in the objective analysis of whether or not there was an unambiguous assertion following arrest, because there was no testimony as to when specifically he testified, when specifically he claimed that he had invoked the right to counsel, and what specifically he had said. Because as the district court recognized, the case law makes this a very fact-specific inquiry, and the court needs to first find what, if anything, was said. Can you help on that? I never did get a clear on exactly what statements there are to be suppressed here that matter. The statements that would come into play would be – our argument would be all of the statements relating to this case. What are you saying? He made a number of them. He didn't say anything that was harmful to his case, and it really doesn't matter if there were. He made a number of statements, Your Honor. He was interviewed. Give me the worst one. The statements were he brought them to a location where the guns were located. He advised them that he thought he knew who had committed the offense, and it was this person. These statements are all post-arrest? Post-arrest. He had an encounter with the police in the parking lot. He was arrested. He asserts that in the patrol car – there are different times that he asserted he invoked, but in the patrol car he indicated he wanted to speak to an attorney. Then he was interrogated for a number of hours. And the final incident, and it is outlined in the government's brief, his statements on page 14 and 15 of the brief. I don't know. Is there an excerpt reference there? There are excerpts references, Your Honor. Excerpt record 178, excerpt of record – looks like 178, 179 were testimony about what statements he provided. In addition, in the supplemental excerpts of record, the government submitted excerpt of record 71, excerpts of record 22 and 118. Okay. During the interrogation, he implicated his long-time acquaintance, Eddie Kalbachoff, but that sounds like it's after they gave him a Miranda warning again. There was no further Miranda warning, and it is undisputed that the Miranda warning that the judge found occurred in the patrol vehicle was the Miranda warning that took place for all of the interrogations. But what you're trying to suppress is that he said Eddie did it, and he had not himself possessed the guns, but he helped arrange the sale of Eddie the Valdez. And then it continued because he then said, well, I can help you get the guns back, let me make some phone calls, and helped arrange the return of the weapons. And so it would be our contention that all of those efforts, had his invocation been respected, would not have occurred unless the court were to find that he had reinitiated contact, which I don't think would happen on this record, given that the interrogation never broke. And so it's our contention that the judge is obliged, under the explicit rules, to make a finding and that this court is not in a position to make factual findings when the district court explicitly states, I didn't see any testimony on this point and therefore I didn't make an objective analysis. This court's task is to remand it to the district court to say, if you, as we may think you're hinted at, find him incredible, then the conviction is affirmed. However, if you credit his testimony, these were clear invocations of the right to counsel and all interrogations should have stopped and any evidence derived for this case thereafter should be suppressed. Here it was a conditional plea and he did state on the record and as part of the plea that he was only entering the plea because the motion to suppress had been denied. So the plea would be withdrawn and he would be faced again with going to trial on the evidence that the government had unrelated to the suppressed evidence or entering a plea or whatever his options would be. I want to make sure I understand. If we were to agree with you here, this would go back to the district court for a further suppression, for a second suppression hearing. That's correct. It's only if you're successful there that he would withdraw his plea and then go on to trial. That is correct. So if we go back and the judge says, yeah, I guess I didn't make it sufficiently clear to the Ninth Circuit, the guy's a liar, the officer testified truthfully, you're out of luck, then you're back here again. That is accurate, Your Honor. We're challenging that the judge did not make adequate factual findings. I see I have two-and-a-half minutes left. I'll reserve any further time for rebuttal. Please, the Court. Good afternoon. I'm Frank Pagni. I was the prosecutor that handled the suppression hearing. Mr. Jagger represented the defendant below. Ms. Matthews took the appeal. Judge Aiken handled the suppression hearing. The Court raised a number of questions regarding kind of what occurred at the suppression hearing, and that's why my appellate brief spent some time trying to outline the facts. And I gave you a supplementary after corrective. It looked, counsel, as though the judge erroneously said that the defendant did not testify to something. That's true. The judge made a clear error on that. And that's why I put that on my brief. But the question becomes whether that clear error was something this Court can review the record for and come to the same conclusion you mentioned when you first spoke to Ms. Matthews, and that is the judge, Judge Aiken, found this man, Mr. Swanger, to be a liar. She found that among the issues that were presented to her, he and his witnesses were not credible. Can you point in the judge's opinion, which I'm holding here, which page the judge finds that he lied after he was arrested? After he was arrested. After he was arrested. After he was arrested, which you want to look at his excerpt of record, page 184. Judge Aiken covers a few examples why she was a liar. I'm looking at the opinion in order. Can you give me the page I'm looking at? Sure. In the opinion in order, it's page 13 of the opinion in order, Judge Aiken. Excerpt of record is page 184. She concludes, in addition, the testimonies of defense witnesses were rife with inconsistencies and also contradicted defendant's affidavit. Most conspicuously, defendant — But that is in a paragraph that begins, I also do not consider defendant's pre-arrest attempt. So this is a paragraph on pre-arrest. Do you have anything post-arrest? But that's — and that's where I think the Court's confused, because this also includes post-arrest comments, too. Let me — let me outline it a little bit for you. What we have is a meeting that's set up by a defendant's friend who testifies in his behalf. At the meeting, he's arrested on warrants. Once he's arrested on warrants, then he's taken to patrol a car, and he says he was never given his Miranda rights, and the officer said he was. That's why, in my brief, I spent some time beating the issue that's been conceded. Now, here's where it got interesting. Defendant says before he's arrested, before the officer's grabbing, he says that he's using this cell phone to call his lawyer. And the judge says, I find you didn't do that, but even if you did, it doesn't matter. That's equivocal. Then he's arrested. He's taken to a patrol car. He claims at this point that he saw his girlfriend get beat up by the cops. Unfortunately, the girlfriend, who is pregnant, testifies she wasn't touched by the police officers. The other woman is not his girlfriend, his mom. And there's an interesting cross-examination by me of him where he's trying to describe girlfriend. Then we – I'm – the district court found, I think there's ample, ample evidence to support that Mr. Swanger is not testifying truthfully. But I'm looking – I'm looking not at an oral opinion, which is – I think it's more likely that a district court might make a slip-up. But I am looking at a written, signed opinion by the district court. And in the paragraph that you've pointed me to, it not only begins with the words, I do not consider defendants' pre-arrest attempts. But in the next paragraph, she says, secondly, even if defendant did not try to call Cox prior to his arrest, the second point that she has also deals with pre-arrest. And in a considered written opinion – again, I probably am likely to hold the district court to a little tighter standard on that, because I think there's less room for sort of the oral mistakes that we all make. Well, I don't – I don't want to put too fine a point on it, Judge, but I don't think I'm incorrect in my comment to that page. Because at the top of the Opinion 13, what you see are the facts that are similar from the Alvarez decision. And here we – she says, therefore, I find even if defendant did shout to Holly Benson, which would have occurred at the police department, by the way, call my mom and have her get a hold of my attorney while in custody. It does not represent an unambiguous request for counsel. So with all due respect, Judge, what Judge Aiken was dealing with there is the pre-arrest, reportedly calling Attorney Cox. Then he gets in the patrol car. And that is the only time that the – and the government concedes – not concedes, acknowledges that Judge Aiken made clear error in her findings. Where is this? What page is this? Okay. This is the error that takes place when defendant testifies. There's an excerpt of record, page 120, which is the transcript of defense testimony. On direct examination, defendant testified that he told the detective, I want my attorney present. I don't want to talk to you without an attorney. I want to use a telephone. This was after he took the telephone and we were in the car. This is the defendant testifying. That gives me my timeline. That's the only time the defendant, when he testified on direct examination before I cross-examined him. Where does the judge discuss this in the opinion? When Judge Aiken goes through this, she goes and page – excerpt of record 182, page 11. However, invocation of counsel sufficient to trigger the protection of Edwards requires that a suspect unambiguously request counsel. Then she goes on to say in this instance that she did not find that he unambiguously had requested counsel. And then within that paragraph at the bottom of page 11, defendant did not testify about the specifics. And that's the error. And that's error. And then without that, in the last sentence that carries over to the next page, without specifics about what defendant said to detectives and when he said it, I am unable to make an objective inquiry into whether the request for counsel defendant claims to have made were unequivocal and ambiguous. It sounds like the district court is saying I can't make findings because I haven't been given anything. And the knowledge of the predicate for that was wrong. And that's the error that I was obligated as the attorney today to tell you on page 20 of my brief. Well, that gets us to where I'm going to conclude my argument, Justice Klinefeld. You – the court here, when you review this in its entirety, if you're satisfied from the record, having reviewed the transcript, you have the entire hearing here, you say, well, I find the court made clear error in saying that he didn't make a specific request because he did at the same time he was given his Miranda rights. But the defendant said he didn't get his Miranda rights. The judge said he was not truthful about that and found that the office was more credible. The judge comments about defense witnesses and says they're incredible people. He doesn't believe them. She's more even assertive, as you pointed out, on the record. So you look – you've reviewed the record and you say either, one, this was harmless  to the judge. Did you really think he was lying about this also? So those are the two courses I think this Court has to take. Obviously, my position is you have enough in front of you to say, okay, the judge had that wrong, but reviewing the whole record, she doesn't believe this man. She doesn't believe that he asked for a lawyer. And therefore, based – Well, I think that the jury instruction that's commonly given is that if you find a witness to be false in part of his or her testimony, you have reason to be cautious or disbelieve other parts of that testimony. I don't see why that doesn't also apply to appellate review when you're reviewing factual findings. Absolutely, in Edwards. And that's why if he, in fact, made that request, that is why I am agreeing. There's no doubt that you can't make it better. In fact, that's the problem I think Judge Hagen had. This was too good a request, especially in light of the fact that subsequently he goes ahead and gives numerous statements, of course, always blaming other people, until he's confronted with a man that bought the guns from him. And that's when he confesses. Did she say in so many words he did not make the request or just that he didn't? Better than that, the last page of her opinion. The last page of her opinion. Page 185, excerpt of record 185, page 14 of the opinion, bottom. Therefore, although in fairness, before I have a judge point out the preface, but she concludes. Therefore, I conclude that the defendant did not invoke his right to have counsel present during interrogation. That's where I hang my hat on this case, Judge Nelson, Judge Kleinfeld, and Judge DeBiaby. That's where I come from. She's not going to change her mind. You send it down to her. But you have that option. You either have to be satisfied that he did not invoke his right to counsel as he claims, or he did, or at least has a right to argue once again before the judge that he should be believed. Those are the two choices I give you. I think I'm obligated to. The therefore sentence is talking about pre-arrest invocation. Well, yes, and also supposedly there was an invocation at the police department that she didn't believe either. He says in his affidavit, if you review his affidavit, that's certainly going to help you form your opinion. If you read his affidavit, you compare it to what he testified to and what his witnesses testified to, and the government's confident, as was Judge Aiken, I think that was her word, that you'll find that the claim that he asserted his right to counsel is not credible. Thank you. Thank you, counsel. Just a few points in rebuttal. I think defense's contention would be that it's precisely all of this discussion of I think you'll find from reviewing the record or I think you'll see that you can form your own opinion about defendant is precisely why this case must be remanded to the district court. It is the district court's obligation to make these findings, and here you don't have a situation where the court is saying let us look at this sentence on page 14 of the opinion in order, which my first point would be that it is a sentence referring to pre-arrest and the calling out. But if this sentence could be considered a finding, I find that he did not invoke his right to have counsel present during the interrogation. That finding is made on an explicit statement that she did not consider testimony that was directly on point in this issue. Counsel, can I clarify one thing? You are no longer contesting the findings about pre-arrest invocation of counsel. No, Your Honor. We do contend, as argued in our brief, that in that context the district court said I question, let me find the exact language, on Excerpt to Record 183 and 184, which is pages 13, 12 and 13 of the opinion. The judge says I doubt the veracity and accuracy of defendant and his witnesses, but aside from that ---- The judge thinks he's a total liar. He testifies about these cell phone calls, and the cell phone records show that there were no such calls. The cell phone records don't exist because of the type of phone it is. They expunged the records after six months, and so there were no records available to be produced. But the judge says I doubt the veracity, but say these phone calls occurred, and then she draws a legal conclusion about the meaning of those phone calls. It's, again, our position that that case, United States v. Doe, is a different circumstance in which the defendant was asking in general about when he got a lawyer for the criminal case, and here the alleged assertion, if you're going to take me in for interrogation, I want to call my attorney, and then he asserts he got on the phone, that in that context he was making the exact assertion that is type of lawyerly advice on interrogation. So we do maintain that argument as well. Thank you.
judges: D.W. Nelson, Kleinfeld, Bybee